Southard J.
Upon the return day of the summons, the plaintiff filed a copy of account amounting to one hundred and twenty-six dollars and forty-nine cents, containing only charges against the defendant, without any credits of any description. The defendant filed a claim against the plaintiff, consisting in part, of ordinary book account for cash, and goods sold, and one item in the following words. “ For this, that the said defendant, did on or about the month of February, last past, in the court for the trial of small causes, before Enoch Gabb, esq. justice of the peace, &c. enter surety for the said Samuel Keen, for the sum of 52 dollars, debt', and the further sum of 53 cents, cost.” On the trial, two witnesses were examined for the plaintiff, and one for the defendant; and in a note, at the end of the transcript, the justice says: “ The plaintiff’s account was allowed by the defendant in court, and not disputed and proved ; the defendant’s ac*count was denied in court, and not proved ; neither by book account, nor by witness. The defendant undertook to prove some damage by his one witness, as an offset against the plaintiff’s debt.” There was no jury, and the justice rendered judgment for one hundred dollars, and the plaintiff making affidavit that he was afraid of losing his money, execution issued immediately.
The plaintiff in certiorari, objects to this judgment; 1. That the justice had not jurisdiction, because the state of demand w7as for more than 100 dollars. 2. That without any legal reason, he reduced the claim of the plaintiff' to 100 dollars, and gave judgment for that sum; when the *232 plaintiff, it entitled to recover at all, was entitled to a ■sum much beyond the jurisdiction of the court.
Upon the first point. I think the justice did right to proceed in the cause. The words of the statute, Bloomfield, 73, render cognizable before this court, “ every suit of a civil nature at law, where the debt, balance, or matter in dispute, does not exceed the. sum of 100 dollars.” To justify the court in proceeding, it is only necessary that it should appear upon the records or papers filed; that the debt does not exceed that sum. But the mode in which this is manifested, is not important. If the defendant do not appear and make plea, the plaintiff must, on his own papers, shew the jurisdiction; and by fair, legal, and competent credits, reduce his claim within it. But if the defendant, at the proper time, appear and file a plea or offset, which reduces the claim within the sum mentioned in the statute, the plaintiff is relieved from all difficulty; the defendant himself shews and admits the jurisdiction.; the records before the justice sufficiently prove it.
Upon the second point, we remark, that the justice himself states that the plaintiff’s account was admitted in court, by defendant; but that defendant’s account, was neither admitted nor proved ; nor does any thing appear which could in any way be an offset to, or reduce the claim of the plaintiff; that claim therefore existed in full force to the amount of 126 dollars, 49 cents, and if judgment were rendered at all, it ought to have gone for that sum. But the justice had liot jurisdiction to that amount; he ought therefore to have discharged the action and dismissed the parties.
It is probable, as judgment was given for exactly 100 dollars, and as the plaintiff took, what is usually termed the oath of dan*ger, under the 25th section of the statute, that the plaintiff was willing, and the justice thought best to enter a judgment to the amount of his jurisdiction, in order that execution might be immediately issued and the money secured. But this will not do; a party cannot, in this manner, throw away a part of his claim, and give jurisdiction to the court.
*233 Lot judgment, therefore, be reversed. The oath itself, so far as appears, was not correctly administered.